# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ROGER PRINGLE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 3:15-CV-484 TLS |
| MONIKA P. TALBOT, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter is before the Court on a Motion to Proceed [ECF No. 21] filed by the Plaintiff, Roger Pringle, a pro se prisoner. The Plaintiff's motion requests that the Court appoint him counsel for this case. Specifically, the Plaintiff states, "Mr. Pringle would like a court appointed counsel by Federal law to protect mental people with disabilit[ies]." [ECF No. 21]. The Plaintiff's motion asserts that "Mr. Pringle cannot understand the law do [sic] to mental disease and defects," but he does not identify any specific medical conditions that he suffers [ECF No. 21]. The Court notes that the Plaintiff has made one other request for the Court to appoint counsel. This came in the Plaintiff's Motion for Speedy Trial [ECF No. 6], where the Plaintiff did not reference any mental illness. On November 23, 2015, the Court issued an Order [ECF No. 15] denying his request because the Plaintiff was directed to file an amended complaint, meaning that it was too earlier to determine whether the Plaintiff would need counsel. On December 23, 2015, the Plaintiff filed his Amended Complaint [ECF No. 22], and the Court now considers his request for court-appointed counsel.

# DISCUSSION

"There is no constitutional or statutory right to court-recruited counsel in federal civil litigation." *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Regardless, a district court has discretion to recruit counsel for a civil litigant who is unable to afford counsel. 28 U.S.C. § 1915(e)(1). First, the indigent plaintiff must make a reasonable attempt to obtain counsel or have been effectively precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Second, the district court must ask whether the plaintiff appears competent to litigate the case himself. *Id.* "There are no fixed requirements for determining a plaintiff's competence to litigate his own case," but the district court will normally consider "the plaintiff's literacy, communication skills, educational level, and litigation experience," and ask whether the factual and legal "difficulties of the particular case" "exceed the particular plaintiff's capacity as a lay person to coherently present it." *Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015) (quoting *Pruitt*, 503 F.3d at 655) (internal quotation marks omitted).

The Plaintiff's motions requesting the appointment of counsel do not show that he made a reasonable effort to obtain counsel or that he was effectively precluded from doing so. A plaintiff's status as a prisoner does not automatically satisfy the first requirement. *See Olson v. Morgan*, 750 F.3d 708, 710–11 (7th Cir. 2014) (observing that the plaintiff inmate submitted several denial letters from attorneys to prove he attempted to obtain counsel); *Allen v. Wine*, 297 Fed. App'x 524, 530 (7th Cir. 2008) ("[The plaintiff inmate] has not persuaded us that he satisfied this threshold requirement of trying to retain counsel himself, which was sufficient reason for the judge to deny all of [his] requests for counsel.").

Even if the Plaintiff had satisfied the threshold requirement, his request for counsel would still be denied because he is capable of coherently presenting this case. *Olson*, 750 F.3d at 711 (addressing only the second part of the test, even though the parties disputed whether the plaintiff satisfied the first part, because the plaintiff's failure on the second part is dispositive). Although the Plaintiff's motions do not elaborate on his alleged mental condition, other parts of the record include various statements about his health, including some medical records from late 2010 to early 2011. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) ("When ruling on a motion to recruit counsel, the court should take account of all evidence in the record relevant to the plaintiff's capacity to litigate."). The Plaintiff has been prescribed Prozac (ECF No. 1, at 15, 20; ECF No. 14-1, at 27); he reports suffering from dyslexia (ECF No. 17, at 1), anxiety and paranoia (ECF No. 1, at 17; ECF No. 14-1, at 23), alcoholism (ECF No. 1, at 18), post-traumatic stress disorder (ECF No. 1, at 19), anger management problems (ECF No. 1, at 19); and he informed a medical professional that he was "crazy" (ECF No. 1, at 21) and has a previous suicide attempt (ECF No. 1, at 17). Many of these conditions are simply asserted without elaboration. The Plaintiff also contends that Judge Monroe diagnosed him with "paranoia and bipolar [sic]." (ECF No. 1, at 4). Further, the Plaintiff has a ninth-grade education and extensive experience with the criminal justice system. (ECF No. 1, at 9, 43–50.) Despite needing to amend his complaint because he filed multiple complaints on the docket, the Plaintiff's letters to the Court have been coherent. Additionally, the Plaintiff was cognizant enough to retain copies of his first complaint and refile the relevant page in the amended complaint. (*Compare* Pro Se Compl. 42, ECF No. 1, *with* Am. Compl. 4, ECF No. 22.)

This case is not complex and the Plaintiff has the capacity as a lay person to present his case coherently. The Plaintiff should know his criminal history and has access to the document where the Defendant made the alleged defamatory statements. (See ECF No. 1, at 40–41.) The Plaintiff also presumably has access to the pre-sentence investigation report prepared for sentencing on his state conviction, which is the document from which the Defendant quoted the alleged defamatory statements. Brief of Plaintiff-Appellee, *Pringle v. State*, No. 03A01-1502-CR-78 (Ind. Ct. App. April 29, 2015), 2015 WL 4399564, at *4–5. Further, this case does not involve complex medical evidence, which typically causes pro se plaintiffs to struggle. *Pruitt*, 503 F.3d at 655–56. Since the Plaintiff has not satisfied either part of the test, the Plaintiff's request for counsel is denied.

The Court is mindful that it is the appellate court's function to determine "whether assistance of counsel could have strengthened the preparation and presentation of the case in a manner reasonably likely to alter the outcome." *Id.* at 660; *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) ("*Pruitt* nowhere suggests that a district court should consider whether recruiting counsel would affect the outcome of a case; instead, that inquiry is reserved for the appellate court's review of prejudice."). Alternatively, the Court has also found, and stated by separate order, that the Plaintiff does not state a claim. 28 U.S.C. § 1915A. Given this outcome, any request for counsel would be moot.

## CONCLUSION

For these reasons, the Plaintiff's Motion to Proceed [ECF No. 21] is DENIED.

SO ORDERED January 19, 2016

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION